UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. SOVEY,

       Plaintiff,                                          Case Number 16-11962
                                                         Honorable David M. Lawson
v.                                                 Magistrate Judge Stephanie Dawkins Davis

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND REMANDING CASE TO THE COMMISSIONER**

       The plaintiff filed the present action on May 31, 2016 seeking review of the Commissioner's decision denying the plaintiff's claims for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Stephanie Dawkins Davis pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Davis filed a report on July 11, 2017 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, and the case be remanded to the Commissioner for further proceedings. The defendant filed timely objections to the recommendation, to which the plaintiff responded. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the defendant's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The main issue in the case is whether the administrative law judge's (ALJ) determination of the plaintiff's residual functional capacity (RFC) to perform work functions is supported by substantial evidence in the administrative record. The plaintiff is 56 years old. He worked for 30 years as a truck driver and hi-lo operator. He testified that he suffers from shoulder problems, knee

pain, and back pain. He says that he has trouble ambulating, and with his shoulder pain, stiffness and frozen shoulder, he has decreased range of motion in his shoulders and instability. Diagnostic studies provided substantial reasons for the plaintiff's pain and limitations, and confirmed that the cartilage in both knees is damaged and the joints are arthritic; his rotator cuffs are torn on both sides, more severely on the left; and there was stenosis in his cervical spine with some impingement. The plaintiff underwent shoulder surgery before his disability onset date and knee surgery after that date. One of his physicians (Dr. Danilo A. Dona) variously reported normal and decreased range of motion in the shoulder. Another (Dr. Kenneth McNamee) found decreased range of motion in the right knee and both shoulders.

> The ALJ determined that the plaintiff nonetheless retained the capacity to
>
> lift 50 pounds occasionally, and 25 pounds frequently, carry 50 pounds occasionally and 25 pounds frequently, and can sit for six hours in an eight hour workday, stand for six hours in an eight hour workday, and walk for six hours in an eight hour workday. He can also push and pull as much as he can lift and carry. He can climb ramps and stairs frequently, but can never climb ladders, ropes, or scaffolds, and he can balance, stoop, kneel, crouch, and crawl frequently. He can never work at unprotected heights, or around moving mechanical parts. He can work in conditions where there are vibrations only occasionally. He can reach overhead and in all other directions frequently. The claimant can never operate a motor vehicle. In addition, he is limited to simple, routine, and repetitive tasks, in a non-fast paced work environment, not at a production rate pace (no assembly line work, for example); with regard to the use of judgment, he is limited to being responsible for only simple, work-related decisions; and he also is limited to simple, work-related decisions when dealing with changes in the routine work setting.

Tr. 8. The magistrate judge suggests that this finding is not supported by substantial evidence in the record, because there was no functional assessment performed by anyone, and the ALJ did not explain how the evidence that did exist in the record translated into his conclusion that the plaintiff could perform a limited range of work at the medium exertional level. (Medium work is defined in the regulations as "involv[ing] lifting no more than 50 pounds at a time with frequent lifting or

carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c)). The magistrate judge recommended that the case be remanded to develop these points.

In her objection to the magistrate judge's recommendation, the Commissioner casts the magistrate judge's report in a different light. The Commissioner contends that Magistrate Judge Davis erred when she concluded that remand was warranted on the basis that there was no medical opinion in the record on the extent of the limitations caused by the plaintiff's impairments. The Commissioner argues that the conclusion that a medical opinion is needed to determine residual functional capacity is contrary to the case law in this circuit, and the plaintiff's residual functional capacity properly was determined by the ALJ in the first instance, based on his review of the medical records, and the testimony taken at the hearing. The Commissioner contends that the ALJ's RFC determination was not flawed merely because he did not tie each specific limitation to a particular piece of medical evidence, where the decision shows that his determination was supported by a thorough recitation of all the medical records submitted.

But there is more to the magistrate judge's fault-finding than that. Magistrate Judge Davis found that in the absence of any medical opinion that discusses functional limitations, there must be some other evidence to support an RFC determination. In some cases, she noted, common sense will suffice, as when the medical evidence is uncomplicated and the physical impairments are relatively diminutive. But because this case did not fit that profile, she concluded that the ALJ was required to build a "logical bridge" between the medical evidence and the RFC finding, and he failed to do so.

The Commissioner is correct on one point. The ALJ was tasked with establishing a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945.

And the Sixth Circuit has held in unpublished opinions that the Commissioner is not obligated to base this RFC upon a physician's specific discussion of a claimant's capacity, or upon any particular piece of evidence. In *Rudd v. Comm'r of Soc. Sec.,* 531 F. App'x 719 (6th Cir. 2013), on which the Commissioner primarily relies, the court stated that "requir[ing] the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* at 728 (quotation marks and citation omitted).

On the other hand, the Commissioner's findings must be supported by substantial evidence. 42 U.S.C. § 405(g). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). And a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotes and citations omitted); *see also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000). If the Commissioner's determination is not supported by substantial evidence on the whole record, the administrative decision must be reversed and the case remanded for further action. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 242-43 (6th Cir. 2002).

The Commissioner insists that the ALJ's RFC determination was tied to record evidence, citing the absence of any limitations ordered by the plaintiff's treating physicians, that fact that MRIs were either ordered or reviewed by the plaintiff's physicians who did not place limitations on his functioning, and the observation that the plaintiff's pain was treated conservatively with injections and pain medication, physical therapy, and stretching exercises. The Commissioner accurately pointed to the evidence in the record relied upon by the ALJ. But how that translates into a conclusion that the plaintiff — who had rotator cuff tears and restricted motion in both shoulders — could lift and carry "50 pounds occasionally, and 25 pounds frequently," and "push and pull as much as he can lift and carry," is anybody's guess.

One might be tempted to conclude that "the ALJ's finding that plaintiff has the RFC for 'medium' work is based solely upon the ALJ's own lay medical opinion." *See Isaacs v. Astrue*, No. 08-828, 2009 WL 3672060, at *10-11 (S.D. Ohio Nov. 4, 2009). That may have occurred here, especially since the administrative record contained *no* functional assessment by any medical source — not a treater, consultant, examiner, or document reviewer. The closest one comes to such evidence is the report of Dr. Tavnir Qureshi, who opined that the plaintiff could sit, stand, bend, stoop, carry, push, pull, button clothes, tie shoes, dress and undress, dial a telephone, open a door, make a fist, pick up coins and pencils, write, squat and arise from squatting, get on and off the examining table, and climb stairs. But, as the magistrate judge noted, Dr. Qureshi's supplemental report concerning functions did not mention reaching overhead at all, and his notes indicate a limitation on range of motion for the upper extremities.

The plaintiff testified that he lost his commercial driver's license due to a drunk driving conviction, but he also stopped working because of issues with his shoulders and back. He said that

he had problems with his knees even after surgery and needs a total knee replacement. He also testified that he could not reach overhead with either shoulder. Of course, the ALJ was not obligated to accept that testimony, if there was good reason to reject it. But that left the ALJ with nothing but the raw medical data. And it is accepted in this circuit that "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself.'" *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (quoting *Rohrgerg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) (citation omitted)).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #24] is **ADOPTED**.

It is further **ORDERED** that the defendant's objections [dkt. #25] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #21] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #18] is **GRANTED**. The findings of the Commissioner are **REVERSED** and the case is **REMANDED** to the Commissioner for further proceedings.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 24, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2017.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---