UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. SOVEY,

       Plaintiff,                                        Case Number 16-11962
v.                                                            Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER GRANTING PETITION FOR ATTORNEY FEE

This matter is before the Court on a petition for an award of $11,253 in attorney fees for recovery of past-due benefits, under the authority of 42 U.S.C. § 406(b)(1). The Court previously authorized an award of $7,500 in attorney fees for plaintiff's counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412, but counsel represents in his present petition that the entirety of that award was confiscated to offset other debts that the plaintiff owed to the government, so plaintiff's counsel never received any of that amount.

The plaintiff filed his complaint on May 31, 2016 seeking review of the Commissioner's decision denying the plaintiff's claims for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Stephanie Dawkins Davis pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Davis filed a report on July 11, 2017 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, and the case be remanded to the Commissioner for

further proceedings. The defendant filed timely objections to the recommendation, to which the plaintiff responded. After a thorough review of the record and consideration of all the issues raised by the parties, the Court concluded that the ALJ's determination of residual functional capacity was not supported by substantial evidence in the record, and the case was remanded to the Commissioner for further proceedings. After the case was remanded, the plaintiff prevailed at a new hearing before the ALJ, and he was awarded $69,012 in past-due benefits.

Counsel for the plaintiff subsequently filed a petition for payment of $11,253 in attorney fees, representing a subset of the amount nominally called for under a contingent fee agreement executed by the plaintiff, which provided for payment to counsel of 25% of any past-due benefits recovered. Soc. Sec. Contingent Fee Contract dated May 13, 2016, ECF No. 33-2, PageID.716. The Commissioner took no position on the fee request. However, the plaintiff submitted to the Court a handwritten letter in which he asserts that he "believe[s] [that] the $6,000 . . . paid to my attorney is [a] sufficient amount," and that "that was the agreed amount from the beginning." Letter dated Jan. 10, 2019, ECF No. 34, PageID.728. The plaintiff also asserts that he thinks that the $11,253 fee request is "unreasonable [because] I have been in Limbo for years." *Ibid.* The assertion that counsel previously was paid $6,000 evidently refers to the amount awarded for representation in the course of the administrative proceedings, which was authorized under 42 U.S.C. § 406(a). Plaintiff's counsel contends, however, that he never has been paid any fee for the 44.79 hours of work that was done on the case before this Court, first because the plaintiff was represented by a different firm during the initial administrative proceeding, and second because the entire EAJA award was confiscated by the government to offset other obligations that the plaintiff owed to the government.

"A claimant's application for Title II benefits can result in payments of past-due benefits — i.e., benefits that accrued before a favorable decision, 20 C.F.R. § 404.1703 — as well as ongoing monthly benefits, see 42 U.S.C. § 423(a)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). "A claimant who has been denied benefits 'in whole or in part' by the Social Security Administration may seek administrative review of the initial agency determination, § 405(b), and may then seek judicial review of the resulting final agency decision, § 405(g)." *Ibid.* "[T]he Social Security Act 'discretely' addresses attorney's fees for the administrative and judicial-review stages: '§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Ibid.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b) imposes a cap on the fees received under that section, which may comprise no more than 25% of the past-due benefits awarded. However, "[t]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson*, 139 S. Ct. at 523. Section 406(a) imposes a separately calculated upper bound on fees awarded for representation at the administrative level, equal to "the lesser of 25% of past-due benefits or a set dollar amount — currently $6,000. § 406(a)(2)(A)." *Id.* at 520. "Social Security claimants pay section 406(b) fees out of their benefits — benefit payments that would otherwise go into their own pockets — whereas the government must pay EAJA fees independent of the benefits award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). But "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht* 535 U.S. at 796 (citations and quotations omitted).

Before approving any fee award under section 406(b), the Court must scrutinize the fee request to ensure that it represents reasonable compensation for the work performed. "When a district court renders a favorable judgment to a social security claimant, § 406(b) permits a district court to award 'a reasonable [attorneys'] fee . . . not in excess of 25 percent,' payable 'out of . . . [the claimant's] past-due benefits.'" *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting 42 U.S.C. § 406(b)(1)(A)). "In *Gisbrecht v. Barnhart*, the Supreme Court concluded that the statute's allowance of 'a reasonable fee' permits contingency fees, but 'calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.'" *Ibid.* (quoting 535 U.S. at 807). "'Within the 25 percent boundary,' prevailing counsel bears the burden of 'show[ing] that the fee sought is reasonable for the services rendered.'" *Ibid.* The Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap," and it also has recognized a "'floor' for court review of contingency fees: 'a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable.'" *Ibid.* (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) ("[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.")).

"The Sixth Circuit, however, never has endorsed any particular nominal figure or ideal multiplier for the 'standard hourly rate' applicable to the litigation of civil actions under the Social Security Act." *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 924 (E.D. Mich. 2015). However, "[c]ourts in this circuit have variously adopted 'standard rates' ranging from $165 [to] $500 per hour." *Ibid.* (citing *Lasley*, 771 F.3d at 310; *Drenning v. Comm'r of Soc. Sec.*, No. 12-

13470, 2014 WL 4705113, at *1 (E.D. Mich. Sept. 21, 2014)); *see also Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 2018 WL 4926325 (E.D. Mich. 2018), *report and recommendation adopted*, No. 13-11748, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (adopting EAJA statutory rate of $125 per hour as "standard rate" for reasonableness review, where plaintiff's counsel had not suggested any plausible basis for endorsement of a higher rate in the relevant market).

In this case, the requested award of $11,253 is comfortably within the bounds of reasonability by any measure. It comprises only 16.3% of the past-due benefits award, well below the statutory 25% cap on contingent fees. Counsel submitted detailed billing records showing that 44.79 hours of work were done related to the proceedings before this Court. The Court has reviewed the record and finds that counsel advanced sound positions which were ably presented, and there is no indication in the record that any of the work done was wasted or unnecessary to rebut the government's determined efforts to resist awarding benefits. The imputed hourly rate is only $251, which is well within the ceiling of *per se* reasonability based on double the standard rates previously applied by other courts in this circuit ranging from $165 to $500, and is only one dollar higher than double the EAJA statutory rate of $125 per hour. Plaintiff's counsel is a seasoned practitioner with 45 years of experience who has spent most of his career representing claimants in Social Security benefit litigation. And he achieved an excellent result for his client when, following his hard-fought victory before this Court, the plaintiff was awarded more than $69,000 in past-due benefits in the proceedings on remand.

The plaintiff's terse objections do not supply a sufficient basis for rejecting the otherwise reasonable fee request. First, the fact that $6,000 was awarded for representation at the administrative level is immaterial, because those fees are separately calculated and evaluated from fees for representation in the district court. *Culbertson*, 139 S. Ct. at 523. Also, no offset of the

previously authorized EAJA award is appropriate, because counsel never received any part of those fees, which were confiscated by the government. The plaintiff asserts that the fee is unreasonable because the case was "in Limbo for years." But there is no indication in the record that the proceedings were delayed by any fault of the plaintiff's attorney. Two extensions of the briefing deadlines were sought and granted, but those both were requested *ex parte* by counsel for the government, not the claimant. Moreover, the pendency of the case was not unusually long for a Social Security matter filed in this district, and much of that span was due to the demands of the Court's calendar and the need for the Court fully to consider the issues presented by the parties. The plaintiff therefore has not suggested any substantial basis for a reduction in the fee award, which, as discussed above, is otherwise reasonable.

Accordingly, it is **ORDERED** that the petition for attorney fees (ECF No. 33) is **GRANTED**, and plaintiff's counsel is awarded $11,253 for work performed in the litigation before this Court, pursuant to 42 U.S.C. § 406(b)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: February 19, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI